# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanya Thomas,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-04230-PHX-JZB<br><br>**ORDER** |

Plaintiff Tanya Thomas seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence and is based on legal error, the Commissioner's decision will be vacated, and the matter remanded for an award of benefits.

**I.    Background.**

On October 31, 2014, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning July 1, 2014, which was later amended to an onset date of August 26, 2016. On September 12, 2017, she appeared with her attorney and testified at a hearing before the ALJ. A vocational expert also testified. On March 13, 2018, the ALJ issued a decision that Plaintiff was not disabled within the

meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision.

**II.     Legal Standard.**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

Harmless error principles apply in the Social Security Act context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if there remains substantial evidence supporting the ALJ's decision and the error does not affect the ultimate non-disability determination. *Id.* The claimant usually bears the burden of showing that an error is harmful. *Id.* at 1111.

Here, Plaintiff raises two issues: (1) whether ALJ improperly found Ms. Tanya Thomas to be only partially credible, and, (2) whether the ALJ improperly weighed the assessment from the treating physician. The record indicates that Plaintiff's argument succeeds and the ruling of the ALJ will be vacated.

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In reviewing the ALJ's reasoning, the court is "not deprived of [its] faculties

for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

**III.     The ALJ's Five-Step Evaluation Process.**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2019, and that she has not engaged in substantial gainful activity since August 26, 2016, the amended onset date. (AR at 20.) At step two, the ALJ found that Plaintiff has the following severe impairments: "obesity, diabetes mellitus, hypertension, gastroesophageal reflux disease (GERD), plantar fasciitis, fibromyalgia, obstructive sleep apnea, degenerative joint disease, osteoarthritis,

rheumatoid arthritis, history of [C]rohn's disease, and irritable bowel syndrome." (*Id.*) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. At step four, the ALJ found that Plaintiff has the RFC to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can frequently stoop, kneel, crouch and occasionally crawl and climb ramps and stairs but never ladders, ropes, or scaffolds. She can frequently reach, handle, and finger bilaterally. The claimant should avoid working around hazards such as moving machinery and unprotected heights.

(*Id.* at 23.)

The ALJ further found that Plaintiff is unable to perform any of his past relevant work. At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 28.)

**IV. Analysis.**

Plaintiff argues the ALJ's decision is defective for two reasons: (1) the ALJ improperly discounted Plaintiff's symptom testimony without clear and convincing reasons supported by the record as a whole; and (2) the ALJ errored in discounting Plaintiff's treating physician's medical opinion without clear and convincing evidence, when there are no other medical opinions rendered during the relevant time period. (Doc. 13.) The Court will address each argument below.

**A. The ALJ Did Err in Evaluating Plaintiff's Credibility.**

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

First, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. Second, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms not credible to the extent they are inconsistent with the ALJ's residual functional capacity assessment. In other words, the ALJ found Plaintiff's testimony not credible to the extent she claims she is unable to perform in a competitive work environment.

At the hearing, Plaintiff testified that she left her job at the sheriff's office because she never knew if she would be able to get herself to work. (AR 59.) Plaintiff also alleged that she suffers from frequent bowel movements, which she struggles to control. (AR 58-59.) Plaintiff claimed to require an hour of bed rest three times per day. (AR 58.) She also testified that she struggles with walking one block, shopping for groceries, sitting for more than a half hour, lifting more than five pounds on certain days, and using her hands. (AR 57.) Plaintiff further claimed that she is in pain "all the time," and that the pain interferes with her sleep. (AR 56.)

The ALJ rejected Plaintiff's symptom testimony as not credible. In support of her decision, the ALJ provides the following reasons: (1) "[Plaintiff's] allegations regarding the severity of her physical symptoms and limitations are not supported by the objective findings of record or her treatment history" (AR 24); (2) Plaintiff has not pursued aggressive treatment of her conditions (AR 25); and (3) Plaintiff admits that "she had not been compliant" with recommended treatments (AR 25).

### 1. Not Supported by Evidence in the Record.

The ALJ's first reason for discounting Plaintiff's testimony is that portions of that testimony are not supported by evidence in the record. Specifically, the ALJ states

> The claimant's allegations regarding the severity of her physical symptoms and limitations are not supported by the objective findings of record or her treatment history. She has testified to frequent bowel movements but the record does not corroborate. In fact, treatment records show the claimant denied change in bowel habits. On February 24, 2015, intake notes from Estrella Gastroenterology revealed the claimant reported she was doing well, but having ongoing diarrhea. She denied pain. The claimant indicated she was taking omeprazole for GERD and Azathioprine for more than 2 years for rheumatoid arthritis. She stated she had been on Humira until about a year ago, when she lost her insurance. The claimant

explained she had been diagnosed with Crohn's in 2004 based on a colonoscopy. In 2008, she had another colonoscopy, which was normal without evidence of irritable bowel disease. She denied vomiting, change in bowel habits, rectal pain, constipation, abdominal distension, blood in stool, and incontinence of stool. . . . On October 6, 2015, the claimant reported chronic diarrhea secondary to Crohn's but also indicated her last gastroenterologist told her she did not have Crohn's. She explained she was on Cymbalta for fibromyalgia and Prozac for depression (Exhibit 15F/p. 20). In November 2015, during a follow-up visit with her primary care physician, the claimant reported lower abdominal pain that had started the day prior. She reported having some diarrhea, but denied nausea, vomiting, blood in stool, and fevers. On exam, the claimant was in no distress. Her abdominal sounds were normal. There was generalized tenderness in the right upper quadrant but no CVA tenderness. She was diagnosed with acute cystitis without hematuria and prescribed nitrofurantoin. . . .

She had emergent care in January 2016. The claimant reported worsening abdominal pain for the past 3 days. However, she reported no abnormal bowel movements. She was treated with promethazine and prednisone. The claimant was released in stable condition (Exhibit 16F/pp. 125-128). On March 25, 2017, the claimant had emergent care secondary to suffering from diarrhea for two days, extremity pain, and emesis. On exam, her abdomen was soft with normal bowel sounds. She exhibited no distention or mass. There was tenderness but no rebound or guarding. Her abdomen ultrasound was unremarkable. She reported that she felt better after bentyl. She was discharged in stable condition (Exhibit 19F/pp. 18-23).

(AR 24-25.)

"[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter*, 806 F.3d at 489. "[W]e require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." *Id.*

Here, The ALJ's comprehensive summary of Plaintiff's medical record, without more, is insufficient to constitute a clear and convincing reason for discounting Plaintiff's testimony. *See Guerrero v. Berryhill*, No. CV-17-04258-PHX-HRH, 2018 WL 5276418, at *4 (D. Ariz. Oct. 24, 2018) (rejecting ALJ credibility determination because "the ALJ did not link this medical evidence to her credibility findings. Instead, the ALJ simply recited the medical evidence, which is not sufficient."). To be sure, the ALJ attempts to discuss one point of Plaintiff's testimony the ALJ deemed inconsistent – stating that

Plaintiff "testified to frequent bowel movements but the record does not corroborate." (AR 24.) But, in that same paragraph, the ALJ contradicts her own position, identifying no fewer than four instances of Plaintiff reporting "ongoing diarrhea," or "chronic diarrhea," or requesting referral to a specialist due to her symptoms. (*See id.*)[1]

The ALJ also summarized some treatment records regarding Plaintiff's diabetes, hypertension, episodes of chest pain, sleep apnea, and plantar fasciitis, but fails to connect any of the cited information to anything in Plaintiff's symptom testimony. (*See* AR 25-26.) Because the ALJ fails to provide any other link between the medical evidence and the ALJ's credibility finding, the ALJ's first reason for discounting Plaintiff's symptom testimony is not clear and convincing. *See Brown-Hunter*, 806 F.3d at 489.

## 2. Conservative Treatment

The ALJ's second reason for discounting Plaintiff's symptom testimony is that Plaintiff failed to pursue "more aggressive treatment." (AR 24.) Specifically, the ALJ states that "[t]he lack of more aggressive treatment, or treatment from a specialist suggests the claimant's symptoms and limitations were not as severe as she alleged." (*Id.*) In some circumstances, "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Here, however, "no medical opinion in this record characterizes the treatment of Plaintiff's [impairments] as 'conservative,' nor does substantial evidence support that conclusion." *Schultz v. Colvin*, 32 F. Supp. 3d 1047, 1061 (N.D. Cal. 2014).

To the extent the ALJ suggests that Plaintiff failed to see a specialist regarding her GI symptoms (AR 25), the ALJ is mistaken. The record shows that Plaintiff both sought referral to specialist by her treating physician (AR 797), and was seen by a gastroenterologist for her GI impairments (AR 567). Accordingly, the ALJ's second reason for discounting Plaintiff's symptom testimony is not clear and convincing.

---

[1] The ALJ appears to be attempting to show that the etiology of Plaintiff's symptom may not be Chron's disease, but it is the symptoms, not the underlying diagnosis that determines whether a claimant is disabled. *See* 20 C.F.R. § 404.1529. To that end, the ALJ's discussion of Plaintiff's medical record clearly supports the existence of symptoms identified in Plaintiff's testimony. (*See* AR 24-25.)

### 3. Noncompliance with Recommended Treatment.

The ALJ's third reason for discounting Plaintiff's symptom testimony is that Plaintiff failed to fully comply with recommended treatment of her diabetes mellitus and hypertension. Specifically, the ALJ states "[a]lthough, there is no question that the medical evidence shows some basis for the claimant's alleged symptoms secondary to diabetes mellitus and hypertension, the undersigned does not find these limitations precluded the claimant from work because of her noncompliance with diet/checking her sugars and failure to pursue specialized treatment through an endocrinologist or other specialist." (AR 25.)

Although an ALJ may consider "whether the claimant fails to follow, without adequate explanation, a *prescribed* course of treatment," *Lingenfelter*, 504 F.3d at 1040 (emphasis added), there is no evidence of such a failure in this case. Here, the sole act of "noncompliance" upon which the ALJ relies to discount Plaintiff's symptom testimony is an August 2015 treatment note, where Plaintiff self-reports that she had not been testing her blood sugar or following her diet well. (AR 760.) The Commissioner does not cite, and the Court could not find, a single case in which a Plaintiff's symptom testimony was discredited for an isolated incident of failing to strictly comply with a diet recommendation.

Moreover, both the ALJ and the Commissioner ignore that Plaintiff's diabetes is not the sole source of her pain and other disabling symptoms; indeed, by the ALJ's own assessment, Plaintiff also suffers from: "obesity, . . . hypertension, gastroesophageal reflux disease (GERD), plantar fasciitis, fibromyalgia, obstructive sleep apnea, degenerative joint disease, osteoarthritis, rheumatoid arthritis, . . . and irritable bowel syndrome." Thus, the fact she failed to flawlessly follow a recommended diet is not inconsistent with her testimony of disabling symptoms, which could be caused by her other impairments. *See Morris v. Astrue*, 323 F. App'x 584, 586 (9th Cir. 2009) (finding a Plaintiff's failure to seek treatment for sleep apnea was not inconsistent with his symptom testimony, because those symptoms could be caused by other impairments).

Accordingly, the Court finds that the ALJ's third reason does not constitute a

specific clear and convincing reason for discounting Plaintiff's symptom testimony.

**B.      Weighing of Medical Source Evidence.**

Plaintiff argues that the ALJ improperly weighed the medical opinion of his treating physician/rheumatologist, Dr. Ravi Bhalla, M.D. (Doc. 13 at 17-24.)

**1.      Legal Standard.**

The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to one of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (listing factors to be considered when evaluating opinion evidence, including length of examining or treating relationship, frequency of examination, consistency with the record, and support from objective evidence). If it is not contradicted by another doctor's opinion, the opinion of a treating or examining physician can be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). A contradicted opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043).

An ALJ can meet the "specific and legitimate reasons" standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quotations omitted). But "[t]he ALJ must do more than offer [his] conclusions. [He] must set forth [his] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22. The Commissioner is responsible for determining whether a claimant meets the statutory definition of disability and does not give significance to a statement by a medical source that the claimant is "disabled" or "unable to work." 20 C.F.R. § 416.927(d).

### 2. Dr. Ravi Bhalla, M.D.

On June 24, 2014, Dr. Ravi Bhalla, M.D. of Valley Arthritis Care, LLC, began treating Plaintiff. (AR 544.) Between June 2014 and April 2017, Plaintiff was consistently treated at Valley Arthritis Care by either Dr. Bhalla or his physician's assistant, Brady Nelson P.A.-C. (*See* AR at 544 (June 2014), 548 (October 2014), 552 (February 2015), 1193 (November 2015), 1189 (January 2016), 1183 (April 2016), 1177 (August 2016), 1171 (November 2016), 1165 (January 2017), 1158 (Janaury 2017).) On March 22, 2017, Dr. Bhalla and PA Nelson signed an assessment that indicated their findings concerning Plaintiff.[2] (AR 1129.) Therein, Dr. Bhalla opines that Plaintiff's "disability is based on joint pains and stiffness, joint inflammation, fatigue, [and] muscle pain and weakness" and that Plaintiff's "limitation does involve but is not limited to simple grasping with hands, lifting and carrying weights, [and] reaching." (AR 1129.) Dr. Bhalla also states that "[t]he exact number of hours for sitting, standing and the amount of weight the patient can lift is not the scope of this practice" and notes that he did not conduct a "functional capacities evaluation." (AR 1129.) Ultimately, Dr. Bhalla concludes that Plaintiff "is disabled for all competitive work requirements." (AR 1129.)

Dr. Bhalla's assessment is not contradicted by another medical source. As such, the ALJ can reject Dr. Bhalla's medical assessment only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988.)) Here, the ALJ discounts Dr. Bhalla's medical opinion for three reasons: (1) Dr. Bhalla's statements "indicated they based their findings on the claimant's subjective reports"; (2) Dr. Bhalla's opinion fails to explain Dr. Bhalla's findings; and (3) Dr. Bhalla's opinion fails to detail Plaintiff's specific limitations. (AR 27.) For the reasons discussed below, the Court finds that the ALJ failed to provide specific, clear and convincing reasons to discount the medical opinion of Dr. Bhalla.

#### a. Opinion Based on Plaintiff's Subjective Reports.

---

[2] On Dec. 1, 2014, Dr. Bhalla completed a disability assessment concerning Plaintiff. (AR 387.) This assessment took place before Plaintiff amended her date of initial disability. This initial assessment was given minimal weight along with opinions from several state reviewing physicians from the same general time.

The ALJ's first reason for discounting Dr. Bhalla's medical opinion is that Dr. Bhalla "indicated they based their findings on claimant's subjective reports." (AR 27.) A physician's reliance on a claimant's "subjective complaints hardly undermines his opinion as to her functional limitations, as a patient's report of complaints, or history, is an essential diagnostic tool." *Valdez-Canez v. Colvin*, No. CV-16-02780-PHX-DGC, 2017 WL 2351664, at *5 (D. Ariz. May 31, 2017) (citing *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003) (internal citations and quotations omitted)). But "[i]f a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence," and "the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim*, 763 F.3d at 1162 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)).

As discussed above, the Court has found that the ALJ improperly discounted Plaintiff's credibility. Accordingly, the ALJ may not discount Dr. Bhalla's medical opinion solely because it is based on Plaintiff's subjective complaints. Accordingly, the ALJ's first reason for discounting Dr. Bhalla's medical opinion does not constitute clear and convincing evidence.

### b. Failed to Explain Findings.

The ALJ's second reason for discounting Dr. Bhalla's medical opinion is that it fails to explain Dr. Bhalla's findings. "An ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings." *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014).

However, a physician's check-box opinion need not explain each finding if those findings are supported by the record as a whole. *See id.* (finding that an ALJ's rejection of a physician's conclusory check-box opinion was improper because the physicians findings were consistent with the claimant's testimony and the physician's other treatment notes in the record). *See also Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017) (ALJs may not "reject the responses of a treating physician without specific and legitimate reasons for doing so, even where those responses were provided on a 'check-the-box' form, were not

accompanied by comments, and did not indicate to the ALJ the basis for the physician's answers."). But here, the record plainly supports Dr. Bhalla's findings.[3] Accordingly, the Court finds the ALJ's second reason for discounting Dr. Bhalla's medical opinion is not clear and convincing.

### c. Failed to Provide Specific Limitations.

The ALJ's third reason for discounting Dr. Bhalla's medical opinion is it fails to provide specific limitations. (AR 27.) Specifically, the ALJ states that a number of medical records "showed mostly normal gait, strength, tone, and range of motion without tenderness, swelling, or deformity." (AR 27.) But these findings are not mutually exclusive with debilitating pain; in fact, fibromyalgia, which the ALJ cites as one of Plaintiff's severe impairments, is a disease that causes severe pain without symptoms such as muscle weakness, unusual sensory functions, or abnormal reflexes. *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017). *See also Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004) (finding that fibromyalgia is diagnosed "entirely on the basis of the patients' reports of pain and other symptoms"). Moreover, the ALJ's finding that Plaintiff experienced no tenderness is directly refuted by Dr. Bhalla and PA Nelson's findings when checking fibromyalgia trigger points. (AR at 1161, 1168, 1174, 1180, 1191, 1195.)

The Commissioner implies that Dr. Bhalla relied only on Thomas' self-reported symptoms. (Doc. 15 at 13.) But the record shows that Dr. Bhalla relied on his own findings and treatments in conjunction with Plaintiff's self-reports to make his medical determination. (*See, e.g.*, AR 1129; *supra* at n.3.) And while the ALJ notes that Dr. Bhalla did not offer any explanation for his findings in his assessment and failed to offer any specific functional capacity determination (AR 27), Dr. Bhalla's failure to provide a specific RFC determination does not inherently render his opinion of little or no weight. *See Simser v. Comm'r of Soc. Sec. Admin.*, 2018 WL 3416995, at *6 (D. Ariz. July 13,

---

[3] *See, e.g.*, AR 550 (summary of Plaintiff's pain); 552-55 (report of ongoing fibromyalgia symptoms and record of medical treatment); 669-72 (same); 673-76 (start of narcotic pain treatment); 1193-96 (reports of failed medications and new treatments tried); 1183-88 (multiple fibromyalgia trigger points found on exam); 1177-81 (same); 1147-53 (March 2017 emergency room visit with diarrhea and generalized pain).

2018).[4] As a treating physician, Dr. Bhalla and his office have provided several treatment records to corroborate his assessment. (AR 550-55, 669-76, 1158-96.) In his opinion, Dr. Bhalla even instructs the reader to refer to his treatment notes. (AR 1129.) Furthermore, even if Dr. Bhalla's check-the-box opinion were devoid of explanation, it would be improper for the ALJ to reject those responses without specific and legitimate reasons for doing so. *See Trevizo*, 871 F.3d at 677 n.4 (ALJs may not "reject the responses of a treating physician without specific and legitimate reasons for doing so, even where those responses were provided on a 'check-the-box' form, were not accompanied by comments, and did not indicate to the ALJ the basis for the physician's answers."). *See also Pontzious v. Berryhill*, 2017 WL 6276371, at *4 (D. Ariz. Dec. 11, 2017) ("the Ninth Circuit has noted that "there is no authority that a 'check-the-box' form is any less reliable than any other type of form.").

Accordingly, the Court finds that the ALJ failed to provide specific, clear, and convincing evidence that Dr. Bhalla's opinion should be given minimal weight.

**C.     Remand.**

Where an ALJ fails to provide adequate reasons for rejecting the opinion of a physician, the Court must credit that opinion as true. *Lester*, 81 F.3d at 834. An action should be remanded for an immediate award of benefits when the following three factors are satisfied: (1) the record has been fully developed and further administrative proceedings

---

[4] The Court in *Simsir* was also required to review an opinion by Dr. Bhalla. And while the case at hand requires a "clear and convincing" standard, the Court in *Simsir* found that the ALJ could not discount Dr. Bhalla's opinion under the lower standard of "specific and legitimate" reasons for failing to give a specific functional assessment.

> The Court finds that the lack of specific limitations is a specific and legitimate reason to discredit Dr. Bhalla's functional assessments. But the Court cannot conclude that this reason alone is sufficient to justify a blanket rejection of Dr. Bhalla's opinions, which corroborate Plaintiff's testimony and are based on 15 years of treating Plaintiff in Dr. Bhalla's field of specialty. . . . The ALJ stated that Dr. Bhalla's opinions were inconsistent with certain treatment records, but as explained above, the ALJ failed to support this statement with substantial evidence in the record. The ALJ erred in rejecting Dr. Bhalla's opinions on the sole basis that his assessments did not provide specific functional limitations.

*Simser*, 2018 WL 3416995, at *6 (D. Ariz. July 13, 2018) (internal citations omitted).

- 13 -

would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008), *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007), *Orn*, 495 F.3d at 640, *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004), and *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). There is "flexibility" which allows "courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1020.

Here, the record is fully developed and the ALJ has already made a ruling based on all available facts. The ALJ failed to provide a legally sufficient reason for rejecting the opinion of Dr. Bhalla. This medical opinion will be credited as true, and Plaintiff's severe physical limitations detailed by Dr. Bhalla will be accepted as fact. Relying on Dr. Bhalla's assessment, the ALJ would be required to find that Plaintiff is disabled. Moreover, the ALJ also committed error by discounting Plaintiff's testimony concerning the extent of her disabilities without sufficient reason. Relying on Plaintiff's testimony, the Court notes that Plaintiff's symptoms preclude her from competitive work assignments. Lastly, when viewed in its entirety, this case does not raise serious doubt that Plaintiff is actually disabled.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for an award of benefits. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 2nd day of March, 2020.

Honorable John Z. Boyle
United States Magistrate Judge